Samuel Henderson (SBN: 279717)
Henderson Consumer Law
henderson@hendersonconsumerlaw.com
185 W. F St. STE 100-J
San Diego, California 92101
Tel: (760) 575-4594
Fax: (760) 688-3732

Attorney for Plaintiff,
Dori Frederick

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DORI FREDERICK<br><br>               Plaintiff,<br><br>    vs.<br><br>L&M TIRE, Inc. *doing business as* EXPRESS TIRE, a California corporation; TEMPOE FINANCIAL, LLC a Delaware limited liability company; and DOES 1 through 10, Inclusive,<br><br>               Defendant(s). | Civil Action No. **'17CV1214 MMA NLS**<br><br>COMPLAINT<br><br>DEMAND FOR JURY TRIAL<br><br>· Violations of the Truth in Lending Act<br>· Violations of the Consumer Legal Remedies Act<br><br>JURY TRIAL REQUESTED |

## I. INTRODUCTION

1.      This is an action for damages brought by an individual consumer for Defendant's violations of the Truth in Lending Act Title 15 United States Code section 1601, *et seq.* (hereinafter "TILA") and the California Consumer Legal Remedies Act, California Civil Code section 1750, *et seq.* (hereinafter "CLRA") for

misrepresentations and failure to comply with disclosures regarding a consumer credit transaction.

## II.  JURISDICTION AND VENUE

2.      Original Jurisdiction of this Court arises under federal question pursuant to Title 28 of the United States Code section 1331 and Title 15 of the United States Code section 1640(e).  Further, this Court has supplemental jurisdiction pursuant to Title 28 of the United States Code section 1367 for state claims.

3.      Venue is proper in the United States District Court, Southern District of California pursuant to Title 28 of the United States Code section 1391 for the following reasons: (i) Plaintiff resides in the county of San Diego, state of California, which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conducted business in this judicial district at all relevant times.

4.      Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5.      While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6.      Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

7.      At all times herein mentioned, upon information and belief, Defendants were the agents, servants, and/or employees of their co-defendants and Defendants acts shall mean that Defendants did the acts alleged through their officers, directors, managers, agents representatives and/or employees while they were acting within the course and scope of said agency, authority, and employment.

## III.  PARTIES

8.      Plaintiff, Dori Frederick (hereinafter "Plaintiff" or "Ms. Frederick"), is a natural person, an adult, and resides in San Diego County, California, and was a resident of San Diego at the time of the acts complained of here.

9.      Plaintiff is informed and believes that Defendant L & M Tire, Incorporated, *dba Express* Tire (hereinafter "Defendant Express Tire"), is, and at all times mentioned in this Complaint was, a California corporation qualified to do business in California. Defendant Express Tire's principal place of business is listed as 1148 Industrial Avenue, Escondido, California 92029 with the California Secretary of State.

10.      Plaintiff is informed and believes that Defendant Tempoe Financial, LLC (hereinafter "Defendant Tempoe") is and was at all times relevant in this complaint, a Delaware Limited Liability Corporation with its primary place of business at 7755 Montgomery Road, Suite 400, Cincinnati, Ohio, 45236.

11.      The true names and capacities, whether individual, corporate, association, or otherwise of Defendants named herein as DOES 1 through 10 are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to allege their true names and capacities when the same have been ascertained.  Plaintiff is informed and believes that each of the fictitiously named Defendants and/or their agents and employees are responsible in some manner for the events and happenings alleged in this Complaint, and proximately caused Plaintiff's damages.

### VI.  JURY TRIAL DEMAND

12.      Ms. Frederick demands a jury trial.

### V.  FACTUAL ALLEGATIONS

13.      In August of 2016 Ms. Frederick decided that she needed new tires and went to Defendant Express Tires' store on 820 Highland in National City, California.

14.     Ms. Frederick was advised of a deal where she could obtain goods on credit with there being a 90 day interest free period then 15% interest thereafter if not paid off in full.  This was an attractive offer to Ms. Frederick.

15.     Ms. Frederick went back a second time and again discussed financing with an individual believed to be named Ernesto James, aka "E.J.".  E.J. confirmed that the terms of the offer was 90 days interest free and then 15% interest.

16.     Express Tire had advertisements for "FlexPay" program with a pamphlet stating that instant credit was available up to $1,200.  Ms. Frederick was also lead to believe that this was an internal financing program.

17.     In discussing what goods and services she wanted Defendant Express Tire pushed for much more than simply just tires, but other services that would have put the total at around $1,600, including what appeared to be double-billing.  Thankfully, Ms. Frederick refused most additional requests.

18.     On information and belief, the upselling was based on knowing that Ms. Frederick qualified for more than the $1,200 limit listed on the advertisement.

19.     Ms. Frederick was provided some paperwork, mainly documents identifying what work was to be done.  However, when dealing with financing the goods, Ms. Frederick was provided scant documentation.  Ms. Frederick was provided what appears to be some type of summary page regarding the financing as it referenced 5 other pages.

20.     This "summary page" did not provide the disclosures required by the Truth in Lending Act.  In particular it did not show Ms. Frederick what the annual percentage rate would be or the finance charge would be.

21.     Not only was Ms. Frederick not provided a copy of the necessary Truth in Lending disclosures, but also Ms. Frederick was not even shown such disclosures or any financing agreement.

22.     Ms. Frederick was asked to sign an electronic signing screen, but that screen did not provide any of the necessary disclosures or even that Ms. Frederick

was agreeing to any contract.  These signatures appear to be related to Defendant Express Tire's goods and services agreements though, not any financing agreement.

23.     The financing agreement was electronically signed.  Ms. Frederick did not take any physical act to sign the agreement.  Ms. Frederick did not authorize anyone else to sign on her behalf.  Ms. Frederick did not initial any agreement or authorize anyone to initial any agreement on her behalf.

24.     When Ms. Frederick inquired about the fact that she was not provided any financing agreement, E.J. claimed an inability to provide one.  Understandably confused and wary about this, Ms. Frederick wrote down on the summary page "Contract unavailable in store due to computer glitch Consumer has go Home check email to ensure contractual agreement is reflective of service and what was told her".

25.     Ms. Frederick had EJ initial this statement.

26.     Ms. Frederick also attempted to have the manager initial the statement, but he instead left.

27.     Upon returning home, Ms. Frederick checked her email and reviewed the emailed copy of the purported financing agreement (Retail Contract # 176641). This was the first time she saw this agreement.

28.     Instead of the 90 days no interest and then 15% interest deal that she thought she would be getting, the financing agreement listed an outrageous 123.56% annual percentage rate.

29.     Furthermore, the financing agreement did not provide for the agreed upon 90 day no interest provision.

30.     The financing agreement listed the seller as Express Tire and also said that the disclosures were made on behalf of "Seller and    TEMPOE Financial LLC" … Seller and TEMPOE Financial LLC shall be referred to herein as "Seller/Creditor."

31.     Understandably outraged, Ms. Frederick quickly contacted TEMPOE, a.k.a. "Flex Pay", and Express Tire.  After getting the run-around TEMPOE finally

1 | acknowledged that they held the purported financing agreement but told Ms.
2 | Frederick to go back to the store.

3 | 32. Ms. Frederick returned to the store and was treated terribly with the
4 | manager even admitting to other complaints and indicating no fear of lawsuits.

5 | 33. Later TEMPOE indicated that they no longer had the account, but given
6 | everything else, Ms. Frederick was confused and fearful about who she owed what, if
7 | anything.

8 | 34. On information and belief, the manager of the Express Tire was
9 | demoted, fired, or otherwise transferred as a result of these acts.

10 | 35. Upon information and belief, both Defendants acted in concert with each
11 | other regarding this financing program.

12 | 36. On March 3, 2017, Ms. Frederick, through counsel, provided notice to
13 | Defendant Express Tire of Ms. Frederick's Consumer Legal Remedy claims by
14 | mailing a letter to Express Tire, sent via the United States Postal Service, certified
15 | mail, return receipt.  On information and belief, Defendant Express Tire received the
16 | letter on or around March 6, 2017.

17 | 37. On March 3, 2017, Ms. Frederick, through counsel, provided notice to
18 | Defendant Tempoe of Ms. Frederick's Consumer Legal Remedy claims by mailing a
19 | letter to Defendant Tempoe, sent via the United States Postal Service, certified mail,
20 | return receipt.  On information and belief, Defendant Tempoe received the letter on
21 | or around March 7, 2017.

22 | 38. There has been communications between the parties, but Defendants
23 | have not provided an offer that would satisfy Ms. Frederick's claims.

24 | 39. As a direct and proximate result of the actions of the Defendants, Ms.
25 | Frederick suffered damages.

26 | **V.  FIRST CLAIM FOR RELIEF**

27 | **(Violations of the Truth in Lending Act against all Defendants)**

28

40.     Plaintiff repeats and re-alleges and incorporates by reference paragraphs one through thirty-eight above.

41.     The basis of this action is unlawful activities relating to a consumer credit purchase and as such Plaintiff is a consumer as defined by Title 15 United States Code section 1602(g).

42.     Both defendants are "creditors" as defined by Title 15 United States Code section 1602(j).

43.     Defendant Tempoe and Defendant Express Tire violated the Truth in Lending Act.  Defendants violations include but are not limited to the following:

      a.  Violations of Title 15 United States Code sections 1638(a) by failing to provide any of the disclosures required by Title 15 United States Code section 1638(a) as required by Title 15 United States Code section 1638(b)(1); and

      b.  Violations of Title 15 United States Code section 1638(b)(1) by failing to give the disclosures required by 1638(a) prior to the extension of credit.

44.     As a direct and proximate result of Defendants' actions, Plaintiff has suffered damages.

## VI.  SECOND CLAIM FOR RELIEF

### (Violations of the California Consumer Legal Remedies Act by all Defendants)

45.     Plaintiff repeats and re-alleges and incorporates by reference paragraphs one through forty-three above.

46.     Plaintiff is a consumer as defined by California Civil Code section 1761(d).

47.     The tires and related services obtained by Plaintiff are "goods" and "services" as defined by California Civil Code section 1761(b) and (c).

48.     Defendant Tempoe is a "person" as defined by California Civil Code section 1761(c).

49.     Defendant Express Tire is a "person" as defined by California Civil Code section 1761(c).

50.     Defendants Tempoe and Express Tire violated California Consumer Legal Remedies Act, California Civil Code section 1750, *et seq.*  Defendants' violations include, but are not limited to the following:

    a.  Violations of California Civil Code section 1770(a)(2) for misrepresenting the source of financing;

    b.  Violations of California Civil Code section 1770(a)(2) for misrepresenting who had authority to deal with the dispute;

    c.  Violations of California Civil Code sections 1770(a)(14) and (16) by misrepresenting that Plaintiff would get 90 days interest free; and

    d.  Violations of California Civil Code sections 1770(a)(14) and (16) by misrepresenting that the interest rate would be 15% after 90 days.

51.     As a direct and proximate result of Defendants' actions, Plaintiff has suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from Defendant, as follows:

    a.  An award of statutory damages pursuant to 15 U.S.C. § 1640(a) against each Defendant;

    b.  An award of punitive damages pursuant to California Civil Code section 1780(a)(4);

    c.  Attorney's fees;

    d.  Costs;

    e.  Actual damages according to proof;

    f.  Injunctive relief as to the unlawful acts;

g.  Interest, if applicable; and

h.  Award Plaintiff any other relief as may be just and proper.

Respectfully submitted,

Date:  June 14, 2017                     /s/ Samuel Henderson
                                         Samuel Henderson
                                         Attorney for Plaintiff

Samuel Henderson (SBN: 279717)
Henderson Consumer Law
henderson@hendersonconsumerlaw.com
185 W. F St. STE 100-J
San Diego, California 92101
Tel: (760) 575-4594
Fax: (760) 688-3732

Attorney for Plaintiff,
Dori Frederick

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORI FREDERICK<br><br>                    Plaintiff,<br><br>        vs.<br><br>L&M TIRE, Inc. *doing business as*<br>EXPRESS TIRE, a California corporation;<br>TEMPOE FINANCIAL, LLC a Delaware<br>limited liability company; and DOES 1<br>through 10, Inclusive,<br><br>                    Defendant(s). | Civil Action No. '17CV1214 MMANLS<br><br>**DECLARATION OF DORI**<br>**FREDERICK OF PROPER VENUE** |

1

VENUE DECLARATION

<u>**DECLARATION OF DORI FREDERICK OF PROPER VENUE**</u>

1. I, Dori Frederick am the Plaintiff in the above case. I am readily familiar with the facts of this case and if called upon to testify regarding them could and would competently do so.

2. Defendant L&M Tire's, *dba* Express Tire, place of business that most of the activities found in this complaint is located at 820 Highland, National City, California 91950. I have been informed and believe that L&M Tire's corporate headquarters are also located in San Diego County. As such, in accordance with California Civil Code section 1780(d) San Diego County is the proper county for this case to be heard.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed in San Diego, California.

5/17/17

DATE

Dori Frederick

VENUE DECLARATION